LEO LEVY, Plaintiff, *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Defendant.

Supreme Court, New York County, October (Received November, 1923).

**Negotiable instruments — when interest coupons are promissory notes and subject to rules governing negotiable instruments — when coupons are payable in currency of country where presented — purchaser without notice.**

Interest coupons attached to negotiable bonds and payable to bearer at a time and place stated are promissory notes and subject to the rules governing negotiable instruments.

The defendant, a railway company, issued certain bonds each for 500 francs, bearing the indorsement: " Four per cent. European Loan of 1910," interest payable semi-annually. The entire issue was purchased by a banking house in Paris and plaintiff became a holder in due course of some of the bonds with the interest coupons. Both the principal and interest were payable to bearer at a designated banking house in Paris or at the option of the holder at designated banks in Belgium and in Switzerland. *Held*, that the natural meaning of the instrument as well as its legal meaning was that it was to be paid in the currency of the country where it might be presented for payment.

When plaintiff on April 13, 1923, presented the December, 1922, coupons to one of the designated banks in Switzerland, the French franc had greatly depreciated and its exchange value was about six cents while the exchange value of the Swiss franc was over eighteen cents. The bank tendered French francs to the amount specified in the coupons but such tender was refused by plaintiff who demanded the same sum in Swiss francs, which demand was refused. *Held*, that the bonds and the coupons being payable in either of the three countries which alone had the franc as the unit of their currencies, the plaintiff was entitled to recover the interest in Swiss francs and under the stipulation a verdict is directed for him in the amount claimed with interest from the date of the presentation of the coupons for payment.

What the original parties to the transaction meant by " francs " was of no consequence, the question being what a purchaser without notice ought to have understood the word to mean.

ACTION for collection of interest on bonds.

*Guggenheimer, Strasser & Meyer* (*Charles H. Meyer*, of counsel), for plaintiff.

*Stetson, Jennings, Russell & Davis* (*John W. Davis*, of counsel), for defendant.

PLATZEK, J. The action is for interest on certain coupon bonds of the defendant railroad company. The bonds bear date the 1st day of June, 1910, and mature in 1930. The place of execution or delivery does not appear upon their face. They bear the indorsement: " Four per cent. European Loan of 1910." They provide that all questions concerning the terms, provisions and effect of

**682** Levy v. Cleveland, Cincinnati, C. & St. L. R. R. Co.

Supreme Court, November, 1923. [Vol. 121

the bonds and their coupons shall be construed and determined according to the law of the United States. Each bond is for the sum of 500 francs, with interest at the rate of four per cent per annum, payable semi-annually. Principal and interest are payable to bearer at a designated banking house in Paris, or, at the option of the holder, at designated banks in Belgium and in Switzerland. At the time of the issue, as at present, the monetary unit of France, of Belgium and of Switzerland was the franc. These were the only European countries having a currency so denominated. The franc of each of these countries was of equal intrinsic value and their currencies were maintained at par. The entire issue of these bonds was purchased by a banking house in Paris. Subsequently the plaintiff became a holder in due course of 200 of the bonds, with their coupons. On April 13, 1923, plaintiff presented the December, 1922, coupons at one of the designated banks in Switzerland and demanded payment. At that time the French franc had very greatly depreciated and its exchange value was in the neighborhood of six cents. The exchange value of the Swiss franc was over eighteen cents. The bank tendered French francs to the amount specified in the coupons. The tender was refused and the same sum in Swiss francs was demanded. That demand was refused and this action followed. I think plaintiff's right to recover is quite beyond doubt. He purchased the bond of an American corporation which purports to be given to secure, not a French loan, nor a Belgium loan, nor a Swiss loan, but a European loan. The place of execution does not appear on the face of the bond or its coupons. Both the bond and the coupons were payable in francs in either of the three countries which alone had the franc as the unit of their currencies. There was no more ground to suppose that the obligation was intended to be discharged exclusively in French francs than to assume that it was payable solely in Belgian or in Swiss francs. The natural meaning of the instrument was that it was to be paid in the currency of the country where it might be presented for payment. Such, also, is its legal meaning. Story Confl. of Laws (6th ed.), § 272a; Wharton Confl. of Laws (3d ed.), §§ 437, 514; Lorenzen Confl. of Laws, 162, 163; Bar Internat. Law (2d ed.), 674; *Taylor* v. *Booth*, 1 Carr. & P. 286; *Williamson* v. *Smith*, 41 Tenn, 1, 9, 10. The reference in the bond to certain French taxes and the fact that it is printed in both French and English are not circumstances of sufficient weight to justify the opposite construction. But the defendant points to circumstances surrounding the issue as tending to show that by the word " francs " both the obligor and the original purchasers of the bonds meant French francs. The inference is a doubtful one, but even if the

fact were established it would be without legal effect. This is not a case of ambiguity in a simple contract. We are concerned here with negotiable instruments in the hands of a holder in due course. Interest coupons attached to negotiable bonds, when payable to bearer at a time and place stated, are promissory notes and subject to the rules governing negotiable instruments. " It is for the interest of corporations issuing bonds for the payment of money that they should be negotiable; and they are ordinarily made so upon their face; and such bonds, as well as the coupons attached thereto, have been held negotiable when payable to bearer for the reason that they are promises to pay money in the form which, by the Law Merchant, would make them negotiable as representatives of money, the same as ordinary commercial instruments." *Evertson* v. *Bank*, 66 N. Y. 14, 19. Hence, in the present case, it is of no consequence what the original parties to the transaction meant by the language they used. The question is what a purchaser, without notice, ought to have understood the words to mean. That question is answered by the authorities cited and the result is in full accord with the reason and justice of the case. This conclusion accords with the impression of the case formed on the trial. I have read the brief of the learned counsel for the defendant with interest and attention. It presents the defendant's contentions in the most persuasive manner possible, but I find myself unable to yield assent to the argument. Under the stipulation a verdict is directed for plaintiff for $364.20, with interest from April 13, 1923, amounting to $13.10, or $377.30 in all, and an exception is allowed to defendant.

Judgment accordingly.